# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:05-cr-353-T-30MSS

JAMES McCLINTON
_____/

# ORDER

This cause comes before the Court on [Dkt. 59] Defendant's *pro se* Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 and 711. The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007. The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.

Defendant pled guilty to Count Three of the Indictment alleging Possession With Intent to Distribute and Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). On July 27, 2009, the Defendant appeared for sentencing. The Court determined that the Defendant was subject to the career offender enhancement which yielded a total offense level of 34 and a criminal history category of VI. The sentencing range became 262 months to 327 months. The Defendant was sentenced at the low end of the sentencing guideline range to 262 months imprisonment. The Government later filed a Rule 35 motion seeking a six level reduction of the Defendant's sentence which placed the

Defendant at a sentencing range of 140 months to 175 months. The Defendant was sentenced again at the low end of the guideline range to 140 months imprisonment.

At sentencing, the Defendant was found to be a Career Offender as defined at USSG §4B1.1. The Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. These predicate offenses consisted of (1) Robbery, Pasco County Circuit Court, Case No.: 95-3140CFAES, a felony that is a crime of violence, sentenced on April 4, 1996, and (2) Aggravated Assault With Intent to Commit a Felony, Gilchrist County Circuit Court, Case No. 98-56, a felony that is a crime of violence, sentenced on May 18, 2000. Because the defendant's guideline calculations are dictated by the career offender provisions, Amendments 706 and 711 would not have the effect of reducing the defendant's guideline calculations. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2). See *United States v. Tingle*, No. 08-1777, 2008 WL 1902055 (8th Cir. May 1, 2008).

IT IS therefore ORDERED and ADJUDGED that Defendant's *pro se* Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 and 711 [Dkt. 59] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on April 23, 2009.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant
U.S. Probation
Bureau of Prisons